On March 12, 2008, respondent entered an Alford plea to the charge of impaired driving, in violation of North Carolina General Statute § 20-138.1, and was found guilty and convicted of that charge. The speeding charge was dismissed. Respondent was placed on one year of unsupervised probation, ordered to obtain a substance abuse assessment and complete any recommended education or treatment, pay a $50.00 fine, courts costs, $200.00 community service fee, to complete twenty four hours of community service, and comply with other conditions of probation.
 

 Respondent has paid all court ordered financial obligations, completed the court ordered substance abuse assessment and is complying with recommended education/treatment, and has completed the court ordered community service.
 

 Respondent self-reported his conviction to the Commission and has promptly answered any questions and provided any information requested by the Commission as part of its investigation into this matter.
 

 Respondent's actions that led to the conviction described above evidence a serious disregard of the principles of personal conduct embodied in the North Carolina Code of Judicial Conduct, including failure to personally observe appropriate standards of conduct to ensure that the integrity and independence of the judiciary shall be preserved (Canon 1), and failure to respect and comply with the law and to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary (Canon 2). Respondent's actions also constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute (N.C. Const. art IV, § 17 and N.C.G.S. § 7A-376(a)).
 

 Respondent agrees that he will not repeat such conduct in the future, mindful of the potential threat any repetition of his conduct poses to public confidence in the integrity and impartiality of the judiciary and to the administration of justice.
 

 Respondent agrees he will promptly read and familiarize himself with the Code of Judicial Conduct.
 

 Respondent acknowledges that the Commission has caused a copy of this Public Reprimand to be served upon him, and that he had 20 days within which to accept the Public Reprimand or to reject it and demand, in writing, that disciplinary proceedings be instituted in accordance with Rule 12 of the Rules of the Judicial Standards Commission.
 

 Respondent has represented himself during this proceeding. Respondent affirms he has consulted with, or had the opportunity to consult with counsel prior to acceptance of this Public Reprimand.
 

 Respondent further agrees that he will not retaliate against any person known or suspected to have cooperated with the Commission, or otherwise associated with this matter.
 

 *471
 
 Served upon respondent, Karl Adkins on the 29th day of April, 2008.
 
By: s/Paul R. Ross 5/9/08 ------ Paul R. Ross, Executive Director Date Judicial Standards Commission Accepted this the 8th day of May, 2008. s/Karl Adkins 5-8-08 ------ Hon. Karl Adkins Date

 ORDER OF PUBLIC REPRIMAND
 

 Now therefore, pursuant to the Constitution of North Carolina, Article IV, Section 17, the procedures prescribed by the North Carolina General Assembly in the North Carolina General Statutes, Chapter 7A, Article 30, and Rule 11(b) of the Rules of the Judicial Standards Commission, the North Carolina Judicial Standards Commission, hereby orders that respondent, Karl Adkins, be and is hereby PUBLICLY REPRIMANDED for the above set forth violations of the Code of Judicial Conduct. Respondent shall not engage in such conduct in the future and shall fulfill all of the terms of the Public Reprimand as set forth herein.